

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~WILL WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 13, 1939

Hon. Clifford Braly
District Attorney
Pampa, Texas

Dear Sir:        Opinion No. 0-325
                 Re: Is personal use of funds received as
                     court costs by District Clerk a viola-
                     tion of the Penal Code?

Your request for an opinion on the above stated ques-
tion has been received by this office.

Your letter reads, in part, as follows:

"The District Clerk of this county, as shown
by the auditor's report, just being filed, has
used for her own personal use cash court cost
deposits placed with her in her official capacity
as District Clerk, the total sum converted being
approximately $500.00, about half of which has
been replaced in her official funds. I would
appreciate being advised whether this is a vio-
lation of our penal code and if so what article
should prosecution proceed under.

"For your information, the District Clerk of
Gray County is paid on the salary basis and all
fees of office are payable by the District Clerk
to the salary fund of the County."

Section 4 and 5, Article 3912e, reads as follows:

"Sec. 4. In all counties of this State con-
taining a population of less than one hundred
and ninety thousand (190,000) inhabitants accord-
ing to the last preceding Federal Census wherein
the county or precinct officers are compensated
on a salary basis under the provisions of this
Act, there shall be created a fund to be known
as the "Officers' Salary Fund of _____County,
Texas.' Such fund shall be kept separate and
apart from all other county funds, and shall be
held and disbursed for the purpose of paying
the salaries of officers and the salaries of dep-

uties, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses and their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds.

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

Article 95 of the Penal Code reads as follows:

"If any officer of any county, city or town, or any person employed by such officer, shall fraudulently take, misapply, or convert to his own use any money, property or other thing of value belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secret (secrete) the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be confined in the penitentiary not less

than two nor more than ten years."

The case of Reynolds vs. State, 92 SW (2nd) 450, holds, among other things, that :

"For an officer to be guilty of misapplying or converting public funds, funds must have come into his custody or possession by virtue of his office which means that he must be in actual possession thereof at the time of conversion or misapplication."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that when any officer of any county, city or town, or any person employed by such officer who shall fraudulently take, misapply or convert to his own use any money, property or other thing of value, belonging to such county, city or town, which is in his actual possession and that has come into his custody by virtue of his office or employment, or shall secrete the same with intent to take, misapply or convert to his own use or shall pay or deliver the same to any person knowing that he is not entitled to receive it, is subject to prosecution under Article 95 of the Penal Code.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:AW:wc


APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS